**Milton L. YOUMANS, Plaintiff,**

v.

**MANNA INC., of the Low Country (Wendy's Restaurant), Defendant.**

**No. CA–97–2608–2–18AJ.**

United States District Court, D. South Carolina, Charleston Division.

July 6, 1998.

---

Milton L. Youmans, Ridgeland, SC, pro se.

G. Trenholm Walker, Charleson, SC, for defendant.

## ORDER

NORTON, District Judge.

This matter is before the court upon the magistrate judge's recommendation that Defendant's Motion for Summary Judgment be granted. This record includes a report and recommendation of the United States Magistrate Judge made in accordance 28 U.S.C. § 636(b)(1)(B).

### I. TIME FOR FILING OBJECTIONS

■ A party may object, in writing, to a magistrate judge's report within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Three days are added to the ten day period if the recommendation is mailed rather than personally served. The magistrate judge's report and recommendation was filed on June 1, 1998. Plaintiff filed his timely written objections with the court on June 11, 1998.

### II. REVIEW OF MAGISTRATE JUDGE'S REPORT

■ This court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Plaintiff objects to the magistrate judge's conclusion that Plaintiff has not made out a *prima facie* case of employment discrimination.

■ First, Plaintiff alleges gender discrimination. However, as a male Plaintiff is a member of a majority class. Where a member of the majority alleges he is being discriminated against in favor of a member of a minority class, his claim is one for reverse discrimination. In a reverse discrimination claim, the first element of the *prima facie* case becomes more onerous. Rather than showing that he is a member of a protected class, a plaintiff must establish background circumstances which support the suspicion that Defendant is among those un-

usual employers who discriminate against the majority. *Green v. Clarendon County School District,* 923 F.Supp. 829, 840 (D.S.C. 1996); *Gilbert v. Penn–Wheeling Closure Corp.,* 917 F.Supp. 1119, 1125 (N.D.W.Va. 1996). Here, Plaintiff has presented no evidence that Defendant is among those unusual employers who discriminate against the majority. Accordingly, he has not made out a *prima facie* case of gender discrimination.

Plaintiff also alleges race discrimination. To establish a *prima facie* case of race discrimination, Plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the job and performing his work satisfactorily; (3) he was discharged; and (4) he was treated more harshly than others similarly situated outside the class or has produced other evidence that would support a reasonable inference of discrimination. *Kator v. Doctors Band,* 1998 WL 7942, 1998 U.S.App. LEXIS 438, *7 (4th Cir.1998) (citing *Lawrence v. Mars, Inc.,* 955 F.2d 902, 905–06 (4th Cir.1992)); *see also Gilbert v. Penn–Wheeling Closure Corp.,* 917 F.Supp. 1119, 1125 (N.D.W.Va.1996).

■ Plaintiff is a member of a protected class. As the magistrate judge noted, there is a dispute about whether Plaintiff could perform his job because of his injured hand and whether Plaintiff was terminated because he filed for unemployment benefits although he was never formally discharged. Even assuming Plaintiff has proven the second and third elements of his *prima facie* case, he has not established the fourth element.

Plaintiff has submitted several affidavits to the court [1] to support his contention that a similarly situated white employee was treated more favorably than he was. Brian Cormeir and Vincent Patterson aver that Linda Alford, a white employee of Defendant, had a foot injury which impeded her work performance. Mr. Cormeir and Mr. Patterson state that Defendant accommodated Ms. Al-

---

1. Plaintiff should have submitted his affidavits to the magistrate judge before the magistrate judge filed his report and recommendation on Defendant's summary judgment motion. Because Plaintiff is *pro se,* rather than remand this action to the magistrate judge the court has considered Plaintiff's affidavits.

ford's injury and had others cover her responsibilities when necessary.

Plaintiff contends Defendant could have been more accommodating to his injury because there were plenty of people to help. For example, Anthony Coleman, Mr. Cormeir, and Mr. Patterson state that Defendant has a training system titled "Talk to Me" which enables managers to move employees into and out of different positions in the store and allows the store to operate more efficiently. Mr. Patterson also stated that during the day at any given time there are three or four managers in the store to help make the transition from one shift to another more smoothly.

These statements concern another employee with a different injury. Ms. Alford's injury was to her foot. She had a walking cast and could perform her job duties. Plaintiff's injury was to his right hand which impeded his ability to perform his job duties as an assistant manager including cooking the food, operating the grill, operating the cash registers, cleaning the dining room, and completing paper work.[2] Nonetheless, even if Plaintiff could establish all four elements of a *prima facie* case, that does not end the inquiry.

■ After the plaintiff makes out his *prima facie* case, the defendant must offer a legitimate non-discriminatory business reason for the plaintiff's termination. *See St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (delineating proof scheme in discriminatory termination claim). Plaintiff ultimately filed for unemployment benefits, although Defendant had not formally terminated him. At that point, Defendant could only conclude Plaintiff no longer wanted to work for Defendant.

■ After the defendant has offered a legitimate non-discriminatory reason for the plaintiff's termination, the presumption of discrimination drops out of the picture and the plaintiff bears the ultimate burden of proving both that the employer's asserted reason was pretextual and that the plaintiff's

race was the true reason for the adverse employment action. *Id.* Pretext alone, however, does not automatically demonstrate purposeful discrimination. *Id.* The fact finder must decide not whether the evidence of rebuttal is credible, but whether there has been intentional discrimination.

[T]he defendant's "production" (whatever its persuasive effect) having been made, the trier of fact proceeds to decide the ultimate question: whether plaintiff has proven "that the defendant intentionally discriminated against [him]" because of his race. The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination, and the Court of Appeals was correct when it noted that, upon such rejection, "[n]o additional proof of discrimination is required."

*St. Mary's Honor Center,* 509 U.S. 502, 113 S.Ct. 2742.

■ Not only has Plaintiff failed to show that Defendant's reason for "terminating" him was pretextual but he also has produced no evidence to support his claim that his race was the real reason for his "termination." Thus, there can be no inference of intentional discrimination based on Plaintiff's race.

### III. CONCLUSION

A review of the record and Plaintiff's objections indicates that the magistrate judge accurately summarized this case and the applicable law. Accordingly, the magistrate judge's report is incorporated into this Order.

■ The magistrate judge did not address Defendant's counterclaims for conversion of its store keys by Plaintiff and for fees and costs under the South Carolina Frivolous Civil Proceedings Sanctions Act. Because

---

**2.** According to Plaintiff's medical records, as of September 3, 1996, he was wearing a "dynamic dorsal outrigger splint" and had a follow up appointment with his doctor the week of September 9, 1996.

Plaintiff did not return his set of store keys to Defendant when requested, Defendant is entitled to the $300.00 cost to rekey its store. Because Plaintiff's employment discrimination claim was not entirely frivolous, Defendant's request for attorney's fees and costs is denied.

For the reasons set forth in detail above and by the magistrate judge, it is therefore,

**ORDERED** that Defendant's Motion for Summary Judgment be **GRANTED** in part and **DENIED** in part,

**AND IT IS SO ORDERED.**

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Fed. R.App.P. 3–4.